IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERMAINE D. LAKE-CRUNK, | § | |
| (TDCJ-CID #2148452) | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-18-1113 |
| CITY OF HOUSTON POLICE | § | |
| DEPARTMENT, et al., | § | |
|     Defendants. | § | |

**MEMORANDUM AND OPINION**

Germaine D. Lake-Crunk, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in April 2018, alleging civil rights violations resulting from a false arrest. Lake-Crunk, proceeding pro se and in forma pauperis, sues the City of Houston Police Department; B.M. Bogorad, HPD Police Officer; L.R. Clemons, HPD Internal Affairs Detective, Sergeant; David Alofoje, Texas Parole Department Supervisor; Robert Harkrider, Texas Parole Department Division Officer; Enigboken Kayode, Texas Parole Department Officer; Kim Ogg, Harris County District Attorney; John Doe, Harris County Assistant District Attorney; and Jerome Petty, a/k/a Benjamin Bittner.

The threshold issue is whether Lake-Crunk's claims should be dismissed as frivolous.

**I.**     **Lake-Crunk's Allegations**

Lake-Crunk asserts that Jerome Petty filed a false complaint with HPD Officer Bogorad, claiming that Lake-Crunk had assaulted him. Lake-Crunk states that on January 26, 2015, he was released on parole, and his parole Officer was Enigboken Kayode. Lake-Crunk explains that he began sharing an apartment with Petty, a former TDCJ inmate. Lake-Crunk learned that Petty was

in the latter stages of HIV (AIDS) and other sexually transmitted diseases. Lake-Crunk also witnessed Petty having sexual relations with a number of Houston prostitutes in the apartment he shared with Petty.

Lake-Crunk states that he began advising the numerous prostitutes that Petty had HIV and other communicable diseases. Lake-Crunk's cousin also reported Petty's condition to the Houston Health Department. Lake-Crunk asserts that on April 5, 2016, Petty verbally attacked Lake-Crunk for informing all the area prostitutes of Petty's HIV status. On April 11, 2016, Lake-Crunk met with his parole officer, Kayode. Lake-Crunk advised Kayode that Petty was telling everyone that he had filed false charges against Lake-Crunk because Lake-Crunk had divulged Petty's HIV status. Lake-Crunk also informed Kayode that he had seen Kayode having sexual relations with various prostitutes, one of whom was HIV positive. He also told Kayode that he knew that Kayode had smoked crack with Petty and a prostitute. On April 25, 2016, Kayode called Lake-Crunk and asked for the name of the prostitute.

Lake-Crunk asserts that Petty falsely claimed that Lake-Crunk had physically assaulted him by striking him with a gun causing bodily injury. Lake-Crunk complains that Defendants Alofoje, Harkrider, and Kayode issued a blue warrant. Defendant Bogorad generated the arrest warrant, and Defendants Ogg and John Doe sought and obtained an indictment. Lake-Crunk states that on July 31, 2017, the alleged assault charges were dismissed due to the lack of evidence and a subsequent arrest of the original complainant, Petty.

Online research reveals that Lake-Crunk was convicted of possession of a controlled substance on July 31, 2017, in the 208th Judicial District Court of Harris County, Texas. (Cause Number 1511888). Also on July 31, 2017, the prosecutor moved to dismiss the aggravated assault

charges in Cause Number 1506901 because Lake-Crunk had been convicted of another offense in Cause Number 1511888.

Lake-Crunk seeks a declaratory judgment that the defendants violated his civil rights. He moves for an injunction compelling the defendants to reinstate his parole in Cause Number 1324044, his 2011 conviction for aggravated assault. He further seeks compensatory damages of $1,000,000.00 and punitive damages of $500,000.00 against each defendant.

## II. Discussion

A federal court has the authority to dismiss an action in which the plaintiff is proceeding *in forma pauperis* before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III. Analysis

Liberally construed, Lake-Crunk complains that his arrest was illegal because it was not based on probable cause. On-line records show that on April 19, 2016, a grand jury of the 177th Judicial District Court of Harris County, Texas indicted Lake-Crunk for aggravated assault on Jerome Petty. "An arrest is unlawful unless it is supported by probable cause." *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004). "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a

reasonable person to conclude that the suspect had committed or was committing an offense." *Ramirez v. Martinez,* 716 F.3d 369, 375 (5th Cir. 2013).

The probable cause inquiry focuses on the validity of the arrest, not the validity of each individual charge made during the course of the arrest. *See Price v. Roark,* 256 F.3d 364, 369 (5th Cir. 2001); *Wells v. Bonner,* 45 F.3d 90, 95 (5th Cir. 1995). A grand jury indictment is sufficient to establish probable cause. *See Gerstein v. Pugh,* 420 U.S. 103, 117 n.19 (1975). When the facts supporting an arrest "are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Cuadra v. Hous. Indep. Sch. Dist.,* 626 F.3d 808, 813 (5th Cir. 2010). The chain of causation remains intact, however, if "it can be shown that the deliberations of that intermediary were in some way tainted by the actions of the defendant." *Hand v. Gary,* 838 F.2d 1420, 1428 (5th Cir. 1988). In other words, "the chain of causation is broken only where all the facts are presented to the grand jury, where the malicious motive of the law enforcement officials does not lead them to withhold any relevant information from the independent intermediary . . . ." *Id.* at 1427–28.

Because the grand jury indicted Lake-Crunk, he must show that Bogorad tainted the grand jury's deliberations in some way. There is no evidence, however, that Officer Bogorad played any role in the indictment process. Lake-Crunk's claim against Bogorad or any of the remaining defendants for false arrest is dismissed with prejudice as frivolous.

Lake-Crunk also complains that his parole was improperly revoked. Online research reveals that Lake-Crunk was convicted of aggravated assault on November 14, 2011, and was sentenced to an 8-year prison term. (Cause Number 1324044). Lake-Crunk states that on January 26, 2015, he was released on parole. The Court has learned through telephone inquiry that Lake-Crunk's parole

in Cause Number 1324044 was revoked on August 29, 2017.

A court must dismiss a civil rights complaint brought under 42 U.S.C. § 1983 when the complaint, if successful, would necessarily imply the invalidity of the plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

The *Heck* rule extends to parole revocation proceedings. *Jackson v. Vannoy,* 49 F.3d 175, 177 (5th Cir. 1995), *cert. denied,* 516 U.S. 851 (1995); *Littles v. Bd. of Pardons and Paroles Div.,* 68 F.3d 122 (5th Cir. 1995); *McGrew v. Tex. Bd. of Pardons and Paroles,* 47 F.3d 158, 161 (5th Cir. 1995). When the underlying criminal proceeding is a parole revocation, the question is whether a judgment in favor of the plaintiff in the civil action would "call into question the fact or duration of parole." *Littles v. Bd. of Pardons and Paroles Div.,* 68 F.3d 122, 123 (5th Cir. 1995). If so, a civil rights lawsuit is barred unless the decision of the parole board has been "reversed, expunged, set aside, or called into question." *Id.*

The Court has learned through telephone inquiry that Lake-Crunk's parole was revoked on August 29, 2017. Lake-Crunk's claim for damages based upon the revocation of his parole and his continued incarceration implicates the validity of the revocation hearing. Lake-Crunk seeks relief based on the alleged unconstitutionality of his parole revocation; a grant of relief would necessarily undermine the validity of Lake-Crunk's revocation proceeding. Under *Heck v. Humphrey,* 512 U.S. 477 (1994), he has no cause of action for damages until he can demonstrate that the parole revocation decision "has been reversed, expunged, set aside, or called into question." *Littles v. Bd. of Pardons*

*and Paroles Div.,* 68 F.3d 122, 123 (5th Cir. 1995).

Under *Heck,* Lake-Crunk must demonstrate that his conviction and sentence have been reversed, invalidated, or expunged prior to bringing an action under § 1983. *Heck,* 512 U.S. at 486-87. Lake-Crunk cannot make such showing. He has not alleged that his conviction in Cause Number 1324044 has been reversed, invalidated, or otherwise expunged. Nor has he shown that his parole revocation has been reversed, invalidated, or otherwise expunged. Until Lake-Crunk receives a ruling declaring his parole revocation invalid, he cannot pursue his claim for relief. *Id.* at 488-89; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied,* 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck,* he is barred from any recovery. . . ."). Lake-Crunk's claims challenging his parole revocation are "legally frivolous" within the meaning of section 1915(e)(2). *Hamilton v. Lyons,* 74 F.3d 99, 102-103 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question."). Lake-Crunk's claims are dismissed without prejudice to them being reasserted if the *Heck* conditions are met. *See Clarke v. Stalder,* 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

**IV.  Conclusion**

Lake-Crunk's Motion to Proceed *in Forma Pauperis,* (Docket Entry No. 2), is GRANTED. The action filed by Germaine D. Lake-Crunk (TDCJ-CID Inmate #2148452) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

The TDCJ-CID must deduct twenty percent of each deposit made to Lake-Crunk's inmate

trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on May 22, 2018.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE